

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LANCE COLLINS, | § | |
| Movant, | § § § § | |
| VS. | § § | NO. 4:07-CV-137-A (No. 4:03-CR-206-A) |
| UNITED STATES OF AMERICA | § § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Lance Collins ("Collins") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, Collins's reply, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On February 22, 2002, Collins and David Jones ("Jones") robbed the Texas Bank located in Fort Worth, Texas. At Collins's trial, Jones testified that Collins waited outside the bank in a car owned by Collins's girlfriend, while Jones entered the bank and took money that belonged to the bank. Witnesses called 911 to identify the license plate from the getaway car. Police officers used the witnesses' information to identify Collins's girlfriend as the owner of the getaway car. His girlfriend testified that Collins had dropped her off at work between 7:00

and 8:00 in the morning on the day the robbery occurred. An FBI agent testified at trial that in his interview with Collins on February 22, Collins told him that he had been using his girlfriend's car all day, but that no one else had been in the car.

On July 16, 2003, Collins was named in an indictment charging him with five counts of bank robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and 2. On January 21, 2004, Collins was convicted by a jury on one count of bank robbery and was acquitted on all other charges. On May 14, 2004, Collins was sentenced to a term of imprisonment of 210 months to be followed by a term of supervised release of three years. The Fifth Circuit Court of Appeals affirmed the sentence on August 10, 2005. The United State Supreme Court denied Collins's petition for writ on February 27, 2006. Collins timely submitted his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on February 17, 2007.

II.

Grounds of the Motion

Collins's sole claim is that he was not provided effective assistance of counsel by his attorney, Gary Don Smart ("Smart"). Specifically, Collins alleges that his trial counsel failed to: (1) comply with Collins's request to file a motion to suppress his statement to the FBI agent; (2) object to the FBI agent's testimony before it was heard by the jury and cross-examine the agent regarding the FBI's alleged failure to read him his Miranda

2

rights during his first interview; (3) move for a mistrial because a juror, who was allegedly sleeping during a witness's testimony, was not removed; (4) object to the government's alleged failure to disclose Jones' written statements; (5) call a witness who would have been "crucial" to Collins's defense; and (6) object to a comment by the court which resulted in an "impartial" trial. Collins also alleges that Smart was ineffective on appeal for failing to file a supplemental appellate brief regarding a United States Supreme Court case that was published while his appeal was pending.

III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result

3

in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

IV.

Analysis

A. Legal Standards

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard applies regardless of whether movant plead guilty or not guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. 466 U.S. at 697. Judicial scrutiny of this type of claim must be highly deferential and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). The test for ineffective assistance of counsel is the same for both trial and appellate counsel. Hamilton v. McCotter, 772 F.2d 171, 182 (5th Cir. 1985). Here,

4

the record is clearly adequate to fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. Baldwin v. Maggio, 704 F.2d 1325, 1329 (5th Cir. 1983).

B. <u>Purported Ineffective Assistance of Counsel</u>

1. <u>Motion to suppress</u>

Collins alleges that Smart was ineffective in failing to file a motion to suppress his statement to the FBI agent as Collins requested. Even assuming Collins made that request, which the government and Smart dispute, Smart's conduct in not filing the motion was not deficient.

First, Collins alleges that he requested that Smart file the motion to suppress because the FBI agent did not read him his <u>Miranda</u> rights during his first interview. In Exhibit H attached to Collins's § 2255 motion, he recites an account of what happened during his first interview and asserts that the FBI did not read him his <u>Miranda</u> rights. However, Exhibit E to his motion states that the FBI did read Collins his <u>Miranda</u> rights during his first interview. Collins's Mot. Exh. E. Collins fails to provide any evidence, other than his statement written five years after the fact, that he was not read his <u>Miranda</u> rights during his first interview with the FBI. Collins's conclusory allegations are not supported by the record, thus, they do not raise a constitutional issue. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)(stating that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding").

5

Next, Collins argues that his second interview with the FBI, apparently the fact that he refused to give a statement at that interview, is clear and convincing evidence that he was deprived of his constitutional rights during his first FBI interview. However, the fact that Collins did not give a statement to the FBI during a subsequent interview, without more, is not evidence, much less clear and convincing evidence, that his rights were violated during the first interview.

Smart has stated that he was aware of the issue regarding Collins's statement to the FBI in the first interview and that he did not think that a motion to suppress on that issue had merit. App. to Opp. 1. Collins fails to show that Smart had a legitimate reason for filing a motion to suppress the statement. Therefore, Smart's conduct was not deficient. See Koch v. Puckett, 907 F.2d 524, 527 (stating that the Fifth Circuit "has made clear that counsel is not required to make futile motions or objections").

### 2. Testimony of FBI agent

Collins contends that Smart's assistance was ineffective because of his failure to object to the FBI agent's testimony before it was heard by the jury and his failure to cross-examine the agent regarding Collins's claim that he was never read his Miranda rights. As discussed above, the court has found no evidence to support Collins's assertion that he was not read his Miranda rights. Accordingly, Collins has not shown a legitimate basis for any of the objections or the cross-examination Smart

purportedly failed to raise or conduct, thus, his failure to do so does not constitute ineffective assistance. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994)("[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite").

### 3. Motion for mistrial

Collins contends that Smart should have filed a motion for a mistrial when two jurors were reported to be sleeping during testimony and only one of them was removed. Smart has stated that he did not agree to the removal of the second juror because he felt that she would be favorable to Collins. App. to Opp. 2. Regardless, Collins has failed to show that if counsel had agreed to dismiss the juror that there is a reasonable probability that the outcome of the trial would have been different. See Strickland, 466 U.S. at 687 (stating that movant must show that, but for counsel's errors, the result of the proceedings would have been different). Consequently, Smart's failure to move for a mistrial was not ineffective assistance.

### 4. Witness statements

Collins alleges that Smart failed to object to the government's non-disclosure of certain written statements. However, the portion of the transcript cited by Collins in support of his allegation is a discussion had between the court, Smart, and counsel for the government, and does not reveal that the government failed to disclose any written statements. Rather, the discussion Collins referenced was regarding

7

statements made by Jones that would have become relevant for the government to disclose in front of the jury if Smart were to offer certain exhibits. Trial. Tr. Vol. I, 174-75. Smart concedes that the government had previously disclosed all of these written statement. App. to Resp. in Opp. to Mot. 1. The discussion in the transcript was only in reference to the statements being disclosed to the jury. Therefore, Collins's argument is without merit.

5. Uncalled witness

Collins asserts that Smart's assistance was ineffective because he failed to call a witness who was "crucial" to his defense. He complains that counsel should have called Joy Holmes to rebut the testimony that Collins used his girlfriend's car as the getaway car during the robbery. Collins claims that Holmes would have testified that he "occasionally dropped off his girlfriend[']s car, so [Holmes's] husband could fix it." Collins's Mot. 10. Therefore, according to Collins, the jury would have inferred from this testimony that, regardless of Jones' testimony, Collins "did not have the car at the time of the robbery and that someone else could have been fixing the car at that time, leaving substantial reasonable doubt of [Collins's] guilt." Id. at 10-11.

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. Where the only evidence of a missing witness['s] testimony is from the

8

defendant, [the Fifth Circuit] views claims of ineffective assistance with great caution." Sayre v. Anderson, 238 F.3d 631, 635-36 (5th Cir. 2001)(internal quotation marks and citation omitted).

Here, Collins supports his claim with a copy of an investigator's telephone interview with Holmes in which she stated that she would be willing to testify for Collins. However, the report states that Holmes's testimony would consist of her belief that Collins would not commit a robbery. The report did not contain any evidence that Holmes knew of Collins's whereabouts on the day of the robbery or that her husband was fixing Collins's girlfriend's car on that day. Consequently, Collins fails to show how Holmes's testimony would have been favorable to his case and his counsel's failure to call her as a witness was not ineffective assistance. See Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002)(stating that for an uncalled witness to constitute prejudice under Strickland a movant must show that the witness would have testified and that the testimony would have been favorable).

6. Court's comment

Collins argues that Smart was ineffective because he failed to object to a comment made by the court that denied Collins the right to an impartial trial. In a discussion in front of the jury between the court and Smart, the court made a comment regarding "the presence of the defendant and a fellow employee" in the bank. Trial. Tr. Vol. I, 93. The court meant to say

9

Jones rather than "the defendant" and apologized and asked the jury to disregard its comment. Id. at 93-94. Collins contends that the comment by the court is the type that is "so prejudicial that even the strongest instructions to the jury to disregard the judges [sic] question or comments will not suffice." Collins's Reply to Opp. to Mot. 5. (citing United States v. Carpenter, 776 F.2d 1291, 1296 (5th Cir. 1985)). In Carpenter, the Fifth Circuit held that even though the district court had erred in making a comment from which the jury could have inferred was a comment on the defendant's guilt, it was not the type of error that was so egregious as to be incurable by an instruction. 776 F.2d at 1296. Here, the testimony was undisputed that Collins was not in the bank. Thus, the jury was unlikely to be confused by the court's comment. Moreover, the court apologized and told the jury to disregard the comment regarding the defendant, and clarified that it was referring to the bank robber being in the bank. Thus, even if Smart had objected to the court's comment, the instruction to the jury to disregard the comment was all the relief Collins was entitled to as the error was neither so substantial nor prejudicial as to command reversal. See id. (citing United States v. Adkins, 741 F.2d 744, 748 (5th Cir. 1984)).

7. Supplemental brief

Collins contends that Smart erred on appeal in failing to file a supplemental appellate brief discussing a case that was published by the United States Supreme Court while his appeal was

10

pending. Collins maintains that the opinion in <u>Shepard v. United States</u>, 544 U.S. 13 (2005), was applicable to the disputed issue regarding his prior convictions. Collins argument is misplaced. <u>Shepard</u> concerned elements of a crime being proven by a police report, while the issue in Collins appeal involved an escape and whether that escape was a crime of violence under federal sentencing guidelines. Despite the fact that <u>Shepard</u> was inapplicable, Smart did raise the issue on appeal and the Fifth Circuit rejected the argument as foreclosed by precedent, citing the case of <u>United States v. Ruiz</u>, 180 F.3d 675 (5th Cir. 1999). Therefore, Collins's argument is without merit. The fact that Smart's challenge was unsuccessful does not mean that counsel's assistance was deficient. See <u>Youngblodd v. Maggio</u>, 696 F.2d 407 (5th Cir. 1983).

## VI.

## ORDER

For the reasons discussed above,

The court ORDERS that Collins's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED October 23, 2007.

_____
JOHN McBRYDE
United States District Judge

11